SHANNON E. GILMORE, )
)
    *Plaintiff*, )
)
v. )    No. 4:13-CV-43-HSM-SKL
)
COMMISSIONER OF SOCIAL SECURITY, )
)
    *Defendant*. )

## REPORT AND RECOMMENDATION

Plaintiff Shannon E. Gilmore ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 405(g). Plaintiff moved for judgment on the administrative record [Doc. 11] and Defendant moved for summary judgment [Doc. 12]. Plaintiff alleges, among other things, that the Administrative Law Judge ("ALJ") failed to properly apply the treating physician rule.

For the reasons stated below, I **RECOMMEND** that (1) Plaintiff's motion for judgment on the record [Doc. 11] be **GRANTED IN PART** to the extent it seeks remand to the Commissioner and **DENIED IN PART** to the extent it seeks an award of benefits; (2) the Commissioner's motion for summary judgment [Doc. 12] be **DENIED**; and (3) the Commissioner's decision denying benefits be **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g).

I.   ADMINISTRATIVE PROCEEDINGS

Plaintiff initially filed her application for SSI and DIB on April 20, 2010, alleging disability as of November 30, 2008 (Transcript [Doc. 9] ("Tr.") 101-12). After Plaintiff's claim was denied both initially and upon reconsideration (Tr. 48-52, 58-63), Plaintiff requested a hearing, which was held on March 7, 2012 (Tr. 64-65, 22-43). Plaintiff was represented at the hearing by an attorney (Tr. 24). The ALJ issued an unfavorable decision on May 1, 2012, determining Plaintiff was not disabled because Plaintiff did not have an impairment that met or medically equaled a listed impairment and Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work that existed in the national economy (Tr. 7-16). The Appeals Council denied Plaintiff's request for review on April 22, 2013, making the ALJ's decision the final, appealable decision of the Commissioner (Tr. 1-6). Plaintiff timely filed the instant action seeking judicial review.

II.  FACTUAL BACKGROUND

A.   Education and Employment Background

Plaintiff was 52 years old on the date of her administrative hearing and a high school graduate (Tr. 29, 146). Plaintiff had previously worked as a server, quality assurance food inspector, and insurance customer service representative (Tr. 27-8, 34, 39-40).

B.   Medical Records

Plaintiff's medical records were summarized by the ALJ and neither party has contended his summary was flawed except for his description of Plaintiff's MRI on October 5, 2011 (Tr. 387). It is not necessary to summarize Plaintiff's medical records separately to address the pertinent issues raised by the parties. Although not specifically mentioned herein, all relevant portions of the record have been reviewed.

2

### C. Hearing Testimony

At the hearing on March 7, 2012, Plaintiff testified she last attempted to work in the fall of 2011 as a waitress, but was unable to do so due to back pain (Tr. 27-28). Plaintiff also testified she had COPD (Tr. 28-29). Plaintiff testified she drove places two to three days a week and did some household chores such as a limited amount of cooking and grocery shopping, occasionally visited with her daughter and grandchildren, and went out with her boyfriend, but mostly stayed home and did nothing (Tr. 29-31, 36). Plaintiff testified about her pain medications, including Hydrocodone, and side effects of the medication (Tr. 32-34, 38-39). The ALJ summarized some additional aspects of Plaintiff's testimony and that summary has not been challenged by any party.

A vocational expert ("VE") also testified at the hearing (Tr. 40-43). While his testimony has been reviewed, it will not be summarized in this report as it is not directly at issue in my recommendation.

## III. ELIGIBILITY AND THE ALJ'S FINDINGS

### A. Eligibility

"The Social Security Act defines a disability as the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Schmiedebusch v. Comm'r of Soc. Sec.*, No. 12-4316, 2013 WL 5749156, at *9 (6th Cir. Oct. 24, 2013) (quoting 42 U.S.C. § 423(d)(1)(A)); *see also Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 862 (6th Cir. 2011) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Parks*, 413 F. App'x at 862 (quoting 42 U.S.C. § 423(d)(2)(A)). The Social Security Administration determines eligibility for disability benefits by following a five-step process. 20 C.F.R. § 404.1520(a)(4)(i-v). The five-step process provides:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). The claimant bears the burden to show the extent of her impairments, but at step five, the Commissioner bears the burden to show that, notwithstanding those impairments, there are jobs the claimant is capable of performing. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512-13 (6th Cir. 2010).

B. The ALJ's Findings

At step one of the process, the ALJ found that, although Plaintiff had engaged in some work, she had not engaged in any substantial gainful activity since November 30, 2008, the alleged onset date (Tr. 12). At step two, the ALJ found Plaintiff had the following severe impairment: degenerative disc disease of the lumbar spine (Tr. 12). He specifically discussed Plaintiff's allegations of hypertension, asthma, and depression and found these alleged

4

conditions to be non-severe because they were adequately controlled with medication (Tr. 13). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments (Tr. 13). Next, the ALJ found Plaintiff retained the RFC to perform a reduced range of light work (limited to only occasionally climbing ladders, ropes and scaffolds, stooping, kneeling, crouching and crawling) (Tr. 13). At step four, the ALJ concluded that Plaintiff could perform her past work as a quality control assurance worker, waitress, and customer service representative as actually and generally performed in accordance with the VE's testimony (Tr. 15).

## IV. ANALYSIS

Plaintiff asserts four main arguments in support of her claim that the ALJ's decision is not supported by substantial evidence. First, Plaintiff contends the ALJ failed to properly weigh the opinion of her treating physician, Dr. Michael Benne. Second, Plaintiff argues the ALJ misrepresented or mischaracterized the evidence related to her spinal impairments. Third, Plaintiff claims the ALJ erred in his determination of her severe impairments by failing to include her asthma, chronic bronchitis, COPD, and obesity. Finally, Plaintiff argues the ALJ erred in his credibility determination. Perhaps needless to say, the Defendant contends the ALJ did not err at all.

### A. Standard of Review

A court must affirm the Commissioner's decision unless it rests on an incorrect legal standard or is unsupported by substantial evidence. 42 U.S.C. § 405(g); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan*, 474 F.3d at 833 (internal citations omitted). Furthermore, the

5

evidence must be "substantial" in light of the record as a whole, "tak[ing] into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations omitted). If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the court might have decided facts differently, or if substantial evidence would also have supported other findings. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The court may not re-weigh evidence, resolve conflicts in evidence, or decide questions of credibility. *Garner*, 745 F.2d at 387. The substantial evidence standard allows considerable latitude to administrative decision makers because it presupposes "there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *McClanahan*, 474 F.3d at 833 (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)).

The court may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may not, however, consider any evidence which was not before the ALJ for purposes of substantial evidence review. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is under no obligation to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-CV-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and arguments not raised and supported in more than a perfunctory manner may be deemed waived, *Woods v. Comm'r of Soc. Sec.*, No. 1:08-CV-651, 2009 WL 3153153, at *7 (W.D. Mich. Sept. 29, 2009) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) (noting that conclusory claims of error without further argument or authority may be considered waived).

6

As relevant in this review, an ALJ must consider "the claimant's allegations of his symptoms . . . with due consideration to credibility, motivation, and medical evidence of impairment." *Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 571 (6th Cir. 1989). Credibility assessments are properly entrusted to the ALJ, not to the reviewing court, because the ALJ has the opportunity to observe the claimant's demeanor during the hearing. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). Where an ALJ's credibility assessment is fully explained and not at odds with uncontradicted evidence in the record, it is entitled to great weight. *See King v. Heckler*, 742 F.2d 968, 974-75 (6th Cir. 1984) (noting the rule that an ALJ's credibility assessment is entitled to "great weight," but "declin[ing] to give substantial deference to the ALJ's unexplained credibility finding" and holding it was error to reject uncontradicted medical evidence). *See also White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009) (ALJ was entitled to "rely on her own reasonable assessment of the record over the claimant's personal testimony"); *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994) (ALJ's credibility assessment is entitled to substantial deference). Substantial deference has been held to mean that "[a]n [ALJ's] credibility findings are virtually 'unchallengeable.'" *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (quoting *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 113 (6th Cir. 2010)).

B. **Treating Source Opinion**

The law governing the weight to be given to a treating physician's opinion, often referred to as the treating physician rule, is well settled: A treating physician's opinion is entitled to complete deference if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case

7

record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2) (now (c)(2)) (alteration in original). Even if the ALJ determines that the treating source's opinion is not entitled to controlling weight, the opinion is still entitled to substantial deference or weight commensurate with "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192-93 (6th Cir. 2009) (quoting *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2) (now (c)(2)); SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996)). The ALJ is not required to explain how he considered each of these factors, but must nonetheless give "good reasons" for rejecting or discounting a treating physician's opinion. *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).

The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has reiterated that remand may be required when the ALJ fails to specify the weight afforded to a treating physician's opinion and fails to provide good reasons for giving the opinion an unspecified weight that is less than controlling. *Cole v. Astrue*, 661 F.3d 931, 938-39 (6th Cir. 2011). As stated in *Cole*, "[t]his Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth the reasons for the weight assigned.'" *Id.* at 939 (alteration in original)

(quoting *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

In the same vein, the Sixth Circuit also recently took issue with an ALJ merely stating the treating physician's opinion "conflicted with other evidence," noting the allegedly conflicting evidence must be specified and "must consist of more than the medical opinions of the nontreating and nonexamining doctors. Otherwise the treating physician rule would have no practical force because the treating source's opinion would have controlling weight only when the other sources agreed with that opinion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013). The Sixth Circuit held "[a] more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation requires." *Id.* at 379. Although "a properly balanced analysis might allow the Commissioner to ultimately defer more to the opinions of consultative doctors than to those of treating physicians, . . . the regulations do not allow the application of greater scrutiny to a treating-source opinion as a means to justify giving such an opinion little weight." *Id.* at 379-80 (citations omitted).

Failure to give good reasons requires remand, even if the ALJ's decision is otherwise supported by substantial evidence, unless the error is de minimis. *Wilson*, 378 F.3d at 544, 547. In *Cole*, the Sixth Circuit recognized that a violation of the "good reasons" rule could only be harmless error under three circumstances: where the treating source opinion was patently deficient such that it could not be credited; where the Commissioner adopted the opinion of the treating source or made findings consistent with that opinion; or where the Commissioner otherwise met the goal of the treating source regulation, 20 C.F.R. § 404.1527(c)(2). *Cole*, 661 F.3d at 940 (quoting *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010)). While each case must be evaluated to determine if the required procedures have been

9

appropriately followed, an ALJ's failure either to specify the weight afforded to a treating physician or to outline sufficiently specific good reasons can be grounds for remand. *Gayheart*, 710 F.3d at 380; *Cole*, 661 F.3d at 939-40.

A treating physician's opinion, however, is only entitled to deference when it is a medical opinion. *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 492-93 (6th Cir. 2010). "If the treating physician instead submits an opinion on an issue reserved to the Commissioner--such as whether the claimant is disabled, unable to work, the claimant's RFC, or the application of vocational factors--his decision need only 'explain the consideration given to the treating source's opinion.'" *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 505 (6th Cir. 2013) (quoting Soc. Sec. Rul. 96–5p). That opinion, however, is not entitled to controlling, or even any particular, weight. *Turner*, 381 F. App'x at 493; *See Johnson*, 535 F. App'x at 505.

It is undisputed that Dr. Benne is a treating physician and that his opinion is subject to the treating source rule. Dr. Benne treated Plaintiff on a somewhat monthly basis from March 2011 through January 2012 (Tr. 425-30). The MRI of Plaintiff's lumbar spine on October 5, 2011, revealed a moderate left parasagittal disc bulge seen in conjunction with mild facet joint arthropathy resulting in moderate left-sided neural foraminal encroachment at L4-5, and minimal disc bulges at L1-2 and L3-4 indenting the thecal sacs (Tr. 387). Dr. Benne cited this MRI when he completed medical source statements (mental and physical) regarding Plaintiff's ability to do work-related activities on January 31, 2012, opining Plaintiff could lift or carry no more than ten pounds, stand no more than four hours during an eight-hour workday, and never reach or perform postural activities (Tr. 431-39). On February 28, 2012, Dr. Benne also wrote a progress note stating Plaintiff could not work an eight-hour workday as she was disabled secondary to her degenerative disc disease (Tr. 424).

10

Defendant argues that none of Dr. Benne's treatment notes provide objective findings supporting his extreme opinion and instead merely memorialize Plaintiff's self-reported complaints and routine medication refill appointments. Defendant argues such mere references to diagnoses and Plaintiff's pain do not provide any support for Dr. Benne's extreme limitations or establish why Plaintiff is limited to the extent suggested by Dr. Benne. Additionally, Defendant argues the ALJ's discussion of the opinion evidence further demonstrates the inconsistency of Dr. Benne's opinion with the substantial evidence of record. The Defendant concludes:

> Accordingly, the ALJ's determination that Dr. Benne's opinion is inconsistent with the other substantial evidence of record is sufficiently explained in the ALJ's decision. While the ALJ's discussion of his good reasons may not be as artfully worded as Plaintiff may desire, so long as the ALJ's reasons for discounting a treating source opinion are "supported by the evidence in the case record," and the decision is sufficiently specific to permit meaningful review of the treating physician rule, *Gayheart*, 710 F. 3d at 376, the ALJ's determination not to give controlling weight to Dr. Benne's opinion complies with the proper legal standards, and Plaintiff has failed to demonstrate the contrary.

[Doc. 13 at Page ID# 525].

Defendant's arguments should be compared to what the ALJ actually stated in his decision. The ALJ reviewed certain medical records and then briefly explained the weight he gave the medical opinions as follows:

> Therefore, turning to the opinion evidence, the undersigned accords great weight to the State Reviewers and Examiners opinions that the claimant could perform a wide range of light work, as this is consistent with her treatment records (Ex. 7F, 11F)
>
> No weight, however, is afforded to the claimant's treating physician assessment that she is limited to a compromised range of sedentary work, as the objective findings do not support his conclusion (Ex. 18F).

11

(Tr. 15). The reference to Exhibit 18F is a citation to Dr. Benne's records; however there is no discussion of which specific "objective findings" did not support Dr. Benne's opinion of limitations. The ALJ did cite to Dr. Benne's treatment notes when discussing why he found Plaintiff's hypertension, asthma, and depression were not severe because they were controlled with medications (Tr. 13), but the ALJ does not include a single citation to the treatment records of Dr. Benne in his discussion of the medical records regarding her RFC (Tr. 14). The parties did not address that the ALJ specifically relied on Dr. Benne's treatment notes to find some of Plaintiff's alleged conditions were not severe, but declared his opinion was entitled to no weight in determining Plaintiff's RFC.

The ALJ failed to explicitly state that he was not assigning Dr. Benne's opinion controlling weight; but, it is obvious that he is not and, as argued by Defendant, there are no magic words needed to convey this information to the Court or Plaintiff. A treating source's opinion may be given controlling weight under the treating physician rule only if it is both well supported by medically acceptable data and not inconsistent with other substantial evidence of record. *Gayheart*, 710 F.3d at 376.

Finding that a treating source medical opinion is not entitled to controlling weight, however, does not mean that the opinion should be given no weight as was done in this case. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009) ("a finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected.") (quoting SSR 96-2p, 1996 WL 374188 (July 2, 1996)). Even if the ALJ correctly determined Dr. Benne's opinion was not entitled to controlling weight, the opinion was still entitled to "weight commensurate with the length of the treatment relationship and the frequency

12

of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Simpson*, 344 F. App'x at 192 (quoting *Wilson*, 378 F.3d at 544); *see also* 20 C.F.R. § 404.1527(c)(2). The ALJ's decision in this case gives no indication he applied these factors at all when weighing the doctors' opinions. While the ALJ is not required to explain how he considered each of these factors, he must nonetheless give good reasons for the less than controlling weight given to Dr. Benne's opinion. See *Francis*, 414 F. App'x at 804. The requirement to give good reasons arguably is even more important in this case, since the treating physician's opinion was not merely discounted, but was completely rejected. The stated reasons for the weight given must be supported by the evidence and sufficiently specific to make clear the weight given and the reasons for that weight. *See Wilson*, 378 F.3d at 544. That standard is not met here. While it is clear the ALJ stated he gave the opinion no weight, the ALJ did not comprehensively set forth the reasons for the zero weight assigned.

Apparently in an attempt to address whether the ALJ's error was harmless, Defendant very briefly argues the ALJ's decision, while perhaps not artfully stated, permits a reviewing court to meaningfully review the zero weight given Dr. Benne's opinion. True, some deviation from the rules that require an ALJ to state good reasons for the weight given to a treating physician's opinion is not necessarily fatal to an ALJ opinion, "[b]ecause the treating-source rule is not a procrustean bed, requiring an arbitrary conformity at all times[.]" *Francis*, 414 F. App'x at 805. This Court can look past such procedural errors, however, only where the ALJ's decision permits a clear understanding of the reasons for the weight given Dr. Benne's opinion. While Defendant has set forth many reasons why Defendant believes Dr. Benne's opinion could be rejected, they are not reasons provided in the ALJ's decision; which merely stated no weight was

13

given to Dr. Benne's assessment that Plaintiff was limited to a compromised range of sedentary work, because "the objective findings" do not support his conclusion.

A proper analysis of the record might support giving Dr. Benne's opinion little or no weight, but:

> [a] court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. A procedural error is not made harmless simply because the aggrieved party appears to have had little chance of success on the merits anyway. To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) (citations, alteration, and internal quotation marks omitted).

I **FIND** the ALJ did not comply with the treating physician rule and I **CONCLUDE** this failure was not harmless error. *See Gayheart*, 710 F.3d at 380; *Cole*, 661 F.3d at 939-40. Accordingly, I **CONCLUDE** Plaintiff's claim must be remanded to the Commissioner for compliance with the treating physician rule.[1]

---

[1] Plaintiff raised other issues, including the propriety of the ALJ's credibility determination. Because these issues may be impacted by a proper consideration and explanation of the weight given to Dr. Benne's opinion, I do not address the credibility determination or other issues raised by the parties.

## V. CONCLUSION

Having carefully reviewed the administrative record and the parties' arguments, I **RECOMMEND**[2] that:

1) Plaintiff's motion for judgment on the administrative record [Doc. 11] be **GRANTED IN PART** and **DENIED IN PART**.

2) The Commissioner's motion for summary judgment [Doc. 12] be **DENIED.**

3) The Commissioner's decision denying benefits be **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) for action consistent with this Report and Recommendation.

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).